Emil CADKIN, an individual; Lila Cadkin, as Trustees of the Cadkin Trust, Plaintiffs—Appellants,

v.

Leona BLUESTONE; Estate Harry Bluestone; Bluestone Trust CB Music; Blue River Music; Broadcast Music, Inc.; American Society of Composers; Authors & Publishers, Defendants,

and

Carlin Production Music; Carbert Music, Defendants—Appellees.

Emil Cadkin, an individual; Lila Cadkin, as Trustees of the Cadkin Trust, Plaintiffs—Appellants,

v.

Leona Bluestone; Estate of Harry Bluestone; Bluestone Trust CB Music; Blue River Music; Broadcast Music, Inc; American Society of Composers; Authors & Publishers, Defendants,

and

Carlin Production Music; Carbert Music, Defendants—Appellees.

Nos. 07–55376, 07–55718.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed Aug. 7, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Marty O'Toole, Law Offices of Marty O'Toole, Los Angeles, CA, for Plaintiffs–Appellants.

Andrew S. Oelz, Akin, Gump, Strauss, Hauer & Feld, LLP, Los Angeles, CA, for Defendants.

Stephen R. Mick, Akin, Gump, Strauss, Hauer & Feld, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: TROTT, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM *

Emil Cadkin and the Cadkin Trust ("Cadkin") appeal the district court's discretionary award of attorneys' fees pursuant to 17 U.S.C. § 505 in favor of Defendant–Appellees in the amount of $116,086.50. We affirm.

█ In deciding whether to award fees, the district court appropriately and explicitly considered all the relevant factors referenced in *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir.1994), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 531–32, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). In so doing, the district court concluded that Cadkin's claims were frivolous, his continued pursuit of the case suggested bad faith, and because he did not own any interest in the copyrights at issue his arguments were objectively unreasonable. The record adequately supports these conclusions. As the district court said, "Plaintiff did not have standing to bring the claim and he *knew* he did not have standing, yet brought the claim anyway." We find ample support for this particular conclusion in (1) Cadkin's previous sale of his copyrights to others, (2) his admission of the same, and (3) his submission to the court nevertheless of a claim

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for relief in his first amended complaint alleging a copyright violation—which he now concedes "may have been an error in hindsight...."

As to the propriety of the amount of the award, we note that the court carefully examined Defendants' request. Spotting "block billing" and remarking on the problems created with this inflationary practice, the district court reduced block-billed hours by 20%. The reduced billing rates were supported by sworn affidavits which Cadkin made no effort to rebut. Given the record plus the court's own knowledge of the legal rates charged within the Los Angeles legal community, the court determined that the requested hourly rates were reasonable.

**AFFIRMED.**